IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ADAMS, et al., | CASE NO. CV F 02-5741 LJO DLB |
| Plaintiffs, | **ORDER ON DEFENDANT'S MOTIONS IN LIMINE** |
| vs. | (Doc. 183.) |
| PAUL SPEERS, et al., | |
| Defendants. | |

This Court has considered defendant CHP Officer Paul Speers' motions in limine on the record and VACATES the June 13, 2009 hearing. This Court issues the following rulings on defendant's motions in limine.

**1.    Defendant's Motion In Limine No. 1 To Exclude Evidence Of Prior Use Of Deadly Force**: This Court GRANTS the motion in limine in that it seeks to preclude irrelevant evidence. This Court further GRANTS the motion in limine under F.R.Evid. 403 given danger of confusion of issues.

**2.    Defendant's Motion In Limine No. 2 To Exclude Evidence Of CHP Findings/Policy Violations Regarding Defendant's Conduct**: This Court GRANTS the motion in limine in part and EXCLUDES evidence of findings regarding unauthorized probation officer ride along, unauthorized ramming of pursued vehicle, absence of authorization to join pursuit, and failure to follow policy on entering another CHP jurisdiction. This Court DENIES, depending on the evidence, the motion in limine as to defendant's failure to wear body armor.

**3. Defendant's Motion In Limine No. 3 To Exclude Captain Mick Rotondo's Recommendation**: Captain Rotondo's recommendation is entangled with the policies and procedures subject to defendant's motion in limine no. 2 and most of which lack relevance to the key issue whether the shooting was justified under the circumstances at the moment of defendant's decision and action. This Court GRANTS the motion in limine in that the recommendation was based on a collective determination of policies to render the recommendation irrelevant.

**4. Defendant's Motion In Limine No. 4 To Exclude June 6, 2002 Memorandum Of Findings**: This Court GRANTS the motion in limine based on the analysis noted above, that is, the evidence at issue is irrelevant given that the key issue is whether the shooting was justified under the circumstances at the moment of defendant's decision and action.

**5. Defendant's Motion In Limine No. 5 To Exclude Evidence Of CHP Pursuit Policies**: This Court GRANTS the motion in limine in that the pursuit polices are irrelevant to the key issue whether the shooting was justified under the circumstances at the moment of defendant's decision and action. Moreover, argument that had defendant followed CHP policy, he would not have been present to shoot, is not the relevant factual or legal question.

**6. Defendant's Motion In Limine No. 6 To Exclude Evidence Of Defendant's Invocation Of Fifth Amendment Rights**: This Court GRANTS the motion in limine in the absence of opposition.

**7. Defendant's Motion In Limine No. 7 To Exclude Pictures Of Decedent At the Scene**: This Court DENIES without prejudice the motion in limine in that the Court needs to view the photos to evaluate them under F.R.Evid. 403.

**8. Defendant's Motion In Limine No. 8 To Exclude Evidence Of Decedent's Good Character**: This Court DENIES the motion in limine in that such evidence addresses plaintiffs' damages.

**9. Defendant's Motion In Limine No. 9 To Exclude 14th Amendment Violation**: This Court GRANTS the motion in limine under the holding of *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989), that excessive force is measured under Fourth Amendment objective reasonableness standard.

**10.     Defendant's Motion In Limine No. 10 To Exclude Settlement Discussions**: This Court GRANTS the motion in limine and ORDERS the parties' counsel to instructed their respective witnesses of this ruling and preclusion of settlement issues.

**11.     Defendant's Motion In Limine No. 11 To Exclude CHP Officer Marcos Rivera Statement That Defendant Was Not In Danger**: This Court GRANTS in part and DENIES in part the motion in limine. Officer Rivera may testify to what he observed, whether he observed danger and what that presence or absence of danger was. Officer Rivera may not offer an opinion on a matter within the jury's province, i.e., whether the shooting was justified – an issue subject to the objective reasonableness standard. This ruling does not address appropriate cross-examination to discredit Officer Rivera.

IT IS SO ORDERED.

**Dated:     June 6, 2008**                         /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE