IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ADAMS, et al., | CASE NO. CV F 02-5741 LJO DLB |
| Plaintiffs, | **ORDER ON PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT** (Doc. 187.) |
| vs. | |
| PAUL SPEERS, et al., | |
| Defendants. | |

Plaintiffs seek to exclude testimony of defense expert Jared L. Zwickey on grounds that his: (1) opinions are inadmissible conclusions of law; (2) testimony lacks credibility; and (2) testimony and report fail to provide explanations for the trier of fact. This Court considers plaintiffs' motion in limine (doc. 187) on the record and VACATES the June 13, 2008 hearing.

In light of the authority and reasoning of F.R.Evid. 704 and *Davis v. Mason County,* 927 F.2d 1473, 1484-1485 (9th Cir. 1986), the motion is denied on the first basis requested in the motion. An expert may indeed testify on the ultimate issue in a case. This does NOT mean that an expert may testify on an ultimate issue of LAW in the case, and neither side's expert may so testify. Despite whether an expert uses the word "reasonable" or "justified," the key on whether the testimony will be admissible is the definition of the terms. If it indeed is defined to voice an opinion about the LAW, it will be disallowed. Counsel have the duty to so notify their respective experts BEFORE they testify.

The motion is also denied on the second basis requested in the motion, i.e. an absence of

1 reliability based specifically on a failure to mention specifics regarding the CHP policy or practice.  The
2 Zwickey report is light on mention and analysis concerning the CHP policy or practice but mentions that
3 this is one basis for his opinions.  The Court agrees with the opposition that once mentioned, it was the
4 function of the deposition to discover the specifics relied upon.
5       The third basis for claimed relief in the motion is similarly denied.  There is nothing to suggest
6 that the expert testimony of BOTH expert witnesses (one on each side) will be void of adequate
7 explanations.  It will be up to the jury to weigh the testimony on credibility factors.
8       IT IS SO ORDERED.
9 **Dated:    June 12, 2008**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE